OPINION GRANTING PARTIAL RECONSIDERATION

This matter comes before the Court on a Petition for Reconsideration filed by the Attorney General on behalf of the Office of Navajo Business Regulatory (Appellee) primarily on grounds of sovereign immunity. Appellee asserts this Court erred in reviewing the appeal de novo; deciding that the appeal concerned only Navajo business preference in contracting; and awarding costs and fees under the Navajo Sovereign Immunity Act. The petition is granted in part.
Appellee asserts this Court erred in reviewing the appeal de novo despite a purported prohibition against such a review in Section 211(c) of the Navajo Business Opportunity Act (NBOA). The Court fully explained why the purported restriction in Section 211(c) does not remove the jurisdiction of the Supreme Court to substitute its judgment on questions of law, especially when the claimant raises a basic freedom explicitly stated in the Navajo Bill of Rights. See Iiná Bá, 11 Am. Tribal Law 447, 452 (Nav.Sup.Ct.2015). The Court therefore rejects Appellee’s argument.
Appellee also asserts that if the Court finds de novo review was proper, there is an independent basis for reconsideration because it was error for the Court to conclude the appeal concerned only Navajo business preference in contracting thereby excluding Indian preference and, as a result, our decision creates a crisis for state-funded Navajo Nation projects in which Navajo preference is not allowed. Although this appeal did concern Navajo preference in business contracting arguments as asserted by a certified Navajo-owned business, Appellee incorrectly *328 states our holding for we said that “[t]he current NBOA continues to apply the foundational Business Preference law ... requiring private and public entities ‘to grant first opportunity and contracting preference to qualified Navajo-owned or Indian-owned, businesses.’ ” lina Bá, 11 Am. Tribal Law at 447 (emphasis added). To further this argument, Appellee asserts this project is unlike many projects such that it was funded by the State of New Mexico, the federal government, as well as the Navajo Nation and that “this fact was not asserted in the record because the Appellee rested solely on its initial argument that the NBOA did not apply to qualification based selections of architects, engineers and land surveyors pursuant to 12 N.N.C. § 346.” Appellee’s Petition for Reconsideration at 6. Appellee’s failure to develop the record with pertinent facts is Appellee’s error. Such error is not this Court’s error warranting reconsideration under N.R.C.A.P. Rule 19(b).
Appellee also asserts the award of attorney’s fees under 5 N.N.C. § 554(F)(5) was error because there was a mis-application and non-adherence of the Navajo Sovereign Immunity Act. The Navajo Sovereign Immunity Act provides for “specific remedies and redress from governmental actions which are violative of the people’s rights.” Raymond v. Navajo Agricultural Products Industry, 7 Nav. R. 142, 143 (Nav.Sup.Ct.1995). The Council has provided, in the Act itself, exceptions to the Nation’s immunity from suit, which includes actions sought for declaratory, prospective mandamus, or injunctive relief to compel an officer or employee of the Navajo Nation to perform his or her mandated responsibilities “under laws of the United States and the Navajo Nation, which shall include the Bill of Rights.... ” 1 N.N.C. § 554. Additionally, this Court held in 1978, in the midst of governmental crisis at that time, “that the Navajo courts have authority to review legislative actions by the Navajo Tribal Council. Halona v. MacDonald, 1 Nav. R. 189, 203-206 (Nav.Ct.App.1978) cited in Bennett v. Navajo Bd. of Election Supervisors, 6 Nav. R. 319, 322 (Nav.Sup.Ct.1990). Finally, when the Council enlarged the Navajo Bill of Rights in 1986 by Resolution No. CD-5986 (December 11,1986), the preamble to the 1986 law shows that the Council recognized that rights declared in the amended Navajo Nation Bill of Rights could be freely exercised in court because the amended law constituted a “limited exception to the Sovereign Immunity Act,” providing greater dignity and force in the Bill of Rights as organic law by enacting (in pertinent part):
No provision of this Chapter, the Navajo Nation Bill of Rights, shall be abridged or deleted by amendment or otherwise, except by referendum vote of the Navajo electorate, in accordance with applicable provisions of the laws of the Navajo Nation.
1 N.N.C. § 1 (enacted December 11,1986).
In TBI Contractors v. Navajo Tribe of Indians, we addressed a limitation on the Bill of Rights exception to the Navajo Sovereign Immunity Act and stated that the Council had not waived the Nation’s immunity from suit under the Bill of Rights “in this case,” which concerned a breach of contract action for money damages. 6 Nav. R. 57, 61 (Nav.Sup.Ct.1988).
In Raymond v. Navajo Agricultural Products Industry, we required the litigant to have raised its Bill of Rights claim before the trial court below before we would hear it. 7 Nav. R. 142, 145 (Nav. Sup.Ct.1995). In this case, Iiná Bá did not raise the Bill of Rights before the OHA but it did challenge the Nation’s denial of its business preference rights from the onset with the Navajo Business Regulatory, the OHA, and this Court. However, as *329 Appellee points out, the statutory scheme for litigants to challenge preference in business contracting “does not allow the addition of a Bill of Rights claim, and therefore Appellant could not have raised a Bill of Rights claim in the OHA action.” Appellee’s Petition for Reconsideration, p. 4, fn. 1. Additionally, as Appellee also correctly pointed out, Iiná Bá did not raise the Bill of Rights as a claim, but as a jurisdictional basis to support this Court’s review. It is well-settled that jurisdictional matters may be raised at any time. See Ford Motor Company v. Kayenta District Court, 7 Am. Tribal Law 652, 657 (Nav. Sup.Ct.2008).
This Court obligingly accepted Iiná Bá’s inclusion of 1 N.N.C. § 2 as a jurisdictional basis in the area of preference in business contracting, as in the many years since its enactment in 1986, such a basis had never been raised, nor does the statutory scheme readily permit the Bill of Rights to be brought in to such an action. The Navajo Nation Business Preference Law, statutory provisions for challenges to government action in the area of preference in contracting, were in place prior to the enactment of 1 N.N.C. § 2 and remained unchanged through amendments in 2002 and 2005. As the Bill of Rights expressly prohibits the abridgement or denial of existing laws on business contracting preference, there can be no doubt that the Council intended preference in business contracting challenges to remain the jurisdiction of the OHA which is empowered to grant specific remedies at 5 N.N.C. § 210 and as provided in the Navajo Nation Procurement Act where there is no conflict with the NBOA.
Having provided a waiver of sovereign immunity through a specific statutory avenue for administrative appeal and remedy for preference in business contracting, it is clear to this Court that 1 N.N.C. § 2 operates to protect from abridgement or denial of the preference rights provided for under the existing scheme and does not create a new right or claim. Additionally, we hold that 1 N.N.C. § 2 provides a jurisdictional basis for this Court to look into the validity of a preference law enacted subsequent to 1986, or into challenges to the interpretation of such statutes that may result in violations of fundamental rights, pursuant to our judicial review power as set forth in Bennett, supra, over the Bill of Rights. 6 Nav. R. 319, 323 (stating that the Bill of Rights itself is the source of jurisdiction in protected matters).
While our opinion in Iiná Bá v. Navajo Business Regulatory, 11 Am. Tribal Law 447 (Nav.Sup.Ct. May 15, 2014), properly discussed the heightened protections of the Bill of Rights over preference in business contracting, in granting attorney fees pursuant to 1 N.N.C. § 554(F)(5) as if there had been a claim for monetary relief, this Court grants reconsideration.[2] However, this Court is within its power to award fees upon a finding of “special circumstances,” and had previously so found when an amicus submitted a brief in defense of the interests of the people. See Shirley v. Morgan, 9 Am. Tribal Law 46, 77-78 (Nav.Sup.Ct.2010). In this case, as we observed in our opinion, Iiná Bá specifically waived all personal benefit from this litigation at oral argument and stated that its wish was to clarify the preference laws for the future rights of Navajo business owners. In this case, the governmental action challenged by Iiná Bá has proved to be invalid and it has prevailed at substan *330 tial cost and while seeking no personal benefit. The totality of the circumstances lead us to find that a special circumstance exists, and on this basis we affirm award of fees to Iiná Bá.

. This is not to say that costs and fees cannot be awarded under the Navajo Sovereign Immunity Act for 1 N.N.C. § 554(G)(1) permits such an award in actions for declaratory and prospective mandamus or injunctive relief.